UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

```
------------------------------------X
                                    :
ANN HART                            :      Civil Action No.
                                    :
                Plaintiff,          :      08 CV _____
                                    :
        v.                          :      COMPLAINT
                                    :
NOVARTIS PHARMACEUTICALS            :
CORPORATION and MERCK & CO., INC.,  :      JURY TRIAL DEMANDED
                                    :
                Defendants.         :
                                    X
------------------------------------
```

Plaintiff Ann Hart ("Plaintiff"), by her attorneys, for
her Complaint against defendants Novartis Pharmaceuticals
Corporation ("Novartis") and Merck & Co., Inc. ("Merck") (jointly
"Defendants"), alleges:

1.  This is a civil action for damages suffered by
Plaintiff as a result of her being prescribed and injected with
Novartis' drug Aredia and being prescribed and ingesting Merck's
drug Fosamax.

**PARTIES**

2.  Plaintiff is a citizen and resident of the State of
South Carolina, residing in West Colombia, South Carolina.

3.    At all times herein mentioned, Novartis was and is a Delaware corporation, with its principal place of business at One Health Plaza, East Hanover, New Jersey 07936-1080.

4.    At all times herein mentioned, Merck was and is a New Jersey corporation, with its principal place of business at One Merck Drive, Whitehouse Station, New Jersey 08889-0100.

5.    At all times herein mentioned, Defendants did business in the States of New York and South Carolina.

### JURISDICTION

6.    This Court has original jurisdiction over this action under 28 U.S.C. § 1332, in that the amount in controversy exceeds seventy five thousand dollars ($75,000.00) and Plaintiff is a citizen of a State which is different from the State where defendants are incorporated and have their principal place of business.

### FACTUAL BACKGROUND

7.    Novartis designed, tested, developed, manufactured, labeled, marketed, distributed and sold Aredia.

8.    Aredia is the brand name of pamidronate, which is in a class of prescription drugs called bisphosphonates.   Aredia is administered intravenously and/or by injection.

9.   Aredia was approved by the United States Food and Drug Administration for treatment of hypercalcemia and bone matastases.

10.   The product literature prepared by Novartis and circulated to physicians for use in prescribing the drug contained no warning about osteonecrosis of the jaw or other bone structure.

11.   In 2002 or before, Novartis received information from a physician that several of the physician's patients who were given Aredia were diagnosed with osteonecrosis of the jaw and that he believed a causal relationship existed between the use of Aredia and osteonecrosis of the jaw.

12.   Another group of physicians published a report about patients being diagnosed with osteonecrosis of the jaw after being given Aredia and Zometa, another bisphosphonate designed and manufactured by Novartis.  The report said, "the jaw complications presented in this review have had a major negative effect on the quality of daily life for each of these patients" and determined that "bisphosphonates may be at least partially responsible." Ruggiero, et al., "Osteonecrosis of the Jaws Associated with the Use of Bisphosphonates: A Review of 63 Cases," Journal of Oral and Maxillofacial Surgery, vol. 62, p. 533 (2004).

13.   Novartis sent warnings to physicians regarding the risk of osteonecrosis of the jaw with the use of Aredia and Zometa in September 2004 and May 2005.

14.   Plaintiff was prescribed and given Aredia.

15.   As a result of being given and/or injected with Aredia, Plaintiff developed osteonecrosis of the jaw.

16.   Merck designed, tested, developed, manufactured, labeled, marketed, distributed and sold Fosamax.

17.   Fosamax is the brand name of alendronate sodium, which is in a class of prescription drugs called bisphosphonates. Fosamax is taken orally.

18.   Fosamax was approved by the United States Food and Drug Administration for treatment of osteoporosis.

19.   The product literature prepared by Merck and circulated to physicians for use in prescribing the drug contained no warning about osteonecrosis of the jaw or other bone structure.

20.   In 2002 or before, Merck knew or should have known that a physician reported that several of his patients who were given Aredia, another bisphosphonate, were diagnosed with osteonecrosis of the jaw and that the physician believed a causal relationship existed between the use of bisphosphonates and osteonecrosis of the jaw.

21.  Merck never issued any warnings or changed its product literature to warn of the risk of osteonecrosis of the jaw.

22.  Plaintiff was prescribed and took Fosamax.

23.  As a result of taking Fosamax, Plaintiff developed osteonecrosis of the jaw.

24.  As a result of being given and/or injected with Aredia Plaintiff suffered compensable injuries, including but not limited to the following:

  a.  severe and permanent physical and medical injuries and associated disabilities;

  b.  severe past and future pain and suffering;

  c.  severe past and future mental anguish;

  d.  loss of enjoyment of life;

  e.  increased risk of health problems;

  f.  past and future medical care and monitoring; and

  g.  loss of past and future income.

25.  As a result of taking Fosamax Plaintiff suffered compensable injuries, including but not limited to the following:

  a.  severe and permanent physical and medical injuries and associated disabilities;

  b.  severe past and future pain and suffering;

  c.  severe past and future mental anguish;

d.   loss of enjoyment of life;

e.   increased risk of health problems;

f.   past and future medical care and monitoring; and

g.   loss of past and future income.

### FIRST CLAIM FOR RELIEF

### [Strict Product Liability - Design Defect]

26.   Plaintiff incorporates by reference the allegations contained in Paragraphs 1 through 25 of the Complaint as if they were set forth here in full.

27.   Novartis designed, tested, developed, manufactured, labeled, marketed, distributed and sold Aredia.

28.   Aredia as designed, manufactured and sold by Novartis was defective in design or formulation in that it was unreasonably dangerous.

29.   Aredia as designed, manufactured and sold by Novartis was defective in design or formulation in that its foreseeable risks exceeded the benefits associated with the design or formulation.

30.   Aredia as designed, manufactured and sold by Novartis was defective due to inadequate warnings because Novartis knew or should have known that the product created a risk  of harm to consumers.

31.   Aredia as designed, manufactured and sold by Novartis was defective due to inadequate testing.

32.   As the proximate cause and result of the defective condition of Aredia as designed, manufactured and sold by Novartis, Plaintiff was injured.

33.   Merck designed, tested, developed, manufactured, labeled, marketed, distributed and sold Fosamax.

34.   Fosamax as designed, manufactured and sold by Merck was defective in design or formulation in that it was unreasonably dangerous.

35.   Fosamax as designed, manufactured and sold by Merck was defective in design or formulation in that its foreseeable risks exceeded the benefits associated with the design or formulation.

36.   Fosamax as designed, manufactured and sold by Merck was defective due to inadequate warnings because Merck knew or should have known that the product created a risk of harm to consumers.

37.   Fosamax as designed, manufactured and sold by Merck was defective due to inadequate testing.

38.   As the proximate cause and result of the defective condition of Fosamax as designed, manufactured and sold by Merck, Plaintiff was injured.

## SECOND CLAIM FOR RELIEF

### [Strict Product Liability - Failure To Warn]

39.   Plaintiff incorporates by reference the allegations contained in Paragraphs 1 through 25 of the Complaint as if they were set forth here in full.

40.   Novartis designed, tested, developed, manufactured, labeled, marketed, distributed and sold Aredia.

41.   Aredia as designed, manufactured and sold by Novartis was not accompanied by proper warnings regarding possible adverse side effects.

42.   Novartis knew or should have known about the possible adverse side effects of Aredia, including osteonecrosis of the jaw.

43.   As the proximate cause and result of Novartis' failure to properly warn physicians and consumers, Plaintiff was injured.

44.   Merck designed, tested, developed, manufactured, labeled, marketed, distributed and sold Fosamax.

45.   Fosamax as designed, manufactured and sold by Merck was not accompanied by proper warnings regarding possible adverse side effects.

46.   Merck knew or should have known about the possible adverse side effects of Fosamax, including osteonecrosis of the jaw.

47.   As the proximate cause and result of Merck's failure to properly warn physicians and consumers, Plaintiff was injured.

### THIRD CLAIM FOR RELIEF

### [Negligence]

48.   Plaintiff incorporates by reference the allegations contained in Paragraphs 1 through 25 of the Complaint as if they were set forth here in full.

49.   Novartis designed, tested, developed, manufactured, labeled, marketed, distributed and sold Aredia.

50.   Novartis had a duty to exercise reasonable care in designing, testing, developing, manufacturing, labeling, marketing, distributing and selling Aredia, including a duty to assure that users, like Plaintiff, did not suffer unreasonable adverse side effects, such as osteonecrosis of the jaw.

51.   Novartis failed to exercise reasonable care in designing, testing, developing, manufacturing, labeling, marketing,

distributing and selling Aredia in that Novartis knew or should have known that Aredia created an unreasonable risk of osteonecrosis of the jaw.

52. Novartis was negligent in designing, testing, developing, manufacturing, labeling, marketing, distributing and selling Aredia.

53. As the proximate cause and result of Novartis' negligence, Plaintiff was injured.

54. Merck designed, tested, developed, manufactured, labeled, marketed, distributed and sold Fosamax.

55. Merck had a duty to exercise reasonable care in designing, testing, developing, manufacturing, labeling, marketing, distributing and selling Fosamax, including a duty to assure that users, like Plaintiff, did not suffer unreasonable adverse side effects, such as osteonecrosis of the jaw.

56. Merck failed to exercise reasonable care in designing, testing, developing, manufacturing, labeling, marketing, distributing and selling Fosamax in that Merck knew or should have known that Fosamax created an unreasonable risk of osteonecrosis of the jaw.

57. Merck was negligent in designing, testing, developing, manufacturing, labeling, marketing, distributing and selling Fosamax.

58. As the proximate cause and result of Merck's negligence, Plaintiff was injured.

### FOURTH CLAIM FOR RELIEF

### [Breach of Express Warranty]

59. Plaintiff incorporates by reference the allegations contained in Paragraphs 1 through 25 of the Complaint as if they were set forth here in full.

60. Novartis expressly warranted, by and through statements made by Novartis or its authorized agents, that Aredia was safe, effective, and fit for its intended use.

61. Plaintiff, and her agents, relied on the skill, judgment and representations of Novartis.

62. Aredia did not conform to Novartis' express warranties in that it was not safe and fit for its intended use because it caused serious adverse side effects, including osteonecrosis of the jaw.

63. As the proximate cause and result of Novartis' breach of its express warranties, Plaintiff was injured.

64.  Merck expressly warranted, by and through statements made by Merck or its authorized agents, that Fosamax was safe, effective, and fit for its intended use.

65.  Plaintiff, and her agents, relied on the skill, judgment and representations of Merck.

66.  Fosamax did not conform to Merck's express warranties in that it was not safe and fit for its intended use because it caused serious adverse side effects, including osteonecrosis of the jaw.

67.  As the proximate cause and result of Merck's breach of its express warranties, Plaintiff was injured.

## FIFTH CLAIM FOR RELIEF

### [Breach of Implied Warranty]

68.  Plaintiff incorporates by reference the allegations contained in Paragraphs 1 through 25 of the Complaint as if they were set forth here in full.

69.  Novartis impliedly warranted to Plaintiff, and her agents, that Aredia was of merchantable quality and was safe and fit for its intended use.

70.  Plaintiff, and her agents, relied on Novartis' skill and judgment.

71.   Aredia was not of merchantable quality or safe and fit for its intended use in that it caused serious adverse side effects, including osteonecrosis of the jaw.

72.   As the proximate cause and result of Novartis' breach of its implied warranties, Plaintiff was injured.

73.   Merck impliedly warranted to Plaintiff, and her agents, that Fosamax was of merchantable quality and was safe and fit for its intended use.

74.   Plaintiff, and her agents, relied on Merck's skill and judgment.

75.   Fosamax was not of merchantable quality or safe and fit for its intended use in that it caused serious adverse side effects, including osteonecrosis of the jaw.

76.   As the proximate cause and result of Merck's breach of its implied warranties, Plaintiff was injured.

### PRAYER FOR RELIEF

WHEREFORE, plaintiff Ann Hart respectfully prays for relief and judgment against the Defendants as follows:

(a)   compensatory damages in an amount to be determined at trial;

(b)   attorneys' fees, expenses, and costs of this action; and

-13-

(c)  for any other relief this Court deems just and proper under the circumstances.

### JURY TRIAL DEMAND

Plaintiff respectfully requests a trial by jury on all triable issues pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Dated:  New York, New York
        May 1, 2008

                         BEATIE AND OSBORN LLP


                         By: _Russel H. Geatie_____
                             Russel H. Beatie  (RB 4439)
                             Daniel A. Osborn  (DO 2809)
                             Philip J. Miller  (PM 1149)
                             521 Fifth Avenue, 34th Floor
                             New York, New York  10175
                             Telephone:  (212) 888-9000
                             Facsimile:  (212) 888-9664


                             THE POWELL LAW FIRM, L.C.
                             269 South Beverly Drive
                             Suite 1156
                             Beverly Hills, California 90212
                             Telephone:  (888) 238-1998
                             Facsimile:  (310) 388-1570

LAW OFFICES OF JEFFREY C. BOGERT
501 Colorado Boulevard
Suite 208
Santa Monica, California 90401
Telephone:  (310) 395-5025
Facsimile:  (310) 395-5071

*Attorneys for Plaintiff*
 Ann Hart